IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SERGIO LEON-RAMIREZ,       )
                           )
        Petitioner,        )
                           )
    v.                     )    1:08CV670
                           )    1:05CR183-3
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Sergio Leon-Ramirez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 108.)[1] Petitioner was charged in a superseding indictment with robbery of Kernersville Pawn World in violation of 18 U.S.C. § 1951, carrying and using, by brandishing, a firearm in a robbery in violation of § 924(c)(1)(A)(ii), two charges related to stealing or possessing firearms, and reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). (Docket No. 38.) He later pled guilty to the robbery, brandishing, and reentry charges, with the other charges being dismissed. (Docket Nos. 72, 73.) Petitioner was sentenced to 80 months of imprisonment on the robbery charge, a consecutive 84 months of imprisonment on the brandishing charge, and a concurrent 80 months of imprisonment on the illegal reentry charge. (Docket No. 87.) Petitioner did file a direct appeal, but his convictions and sentence were upheld. (Docket Nos. 103, 104.) He then filed his

---

[1]This and all further cites to the record are to the criminal case.

current motion under § 2255. Respondent has filed a response seeking to have the motion denied. (Docket No. 124.) Petitioner's motion is now before the Court for a decision.

## FACTS

The facts of the case, as reflected in the factual basis and Presentence Report (PSR), are as follows. On October 28, 2004, three men entered Kernersville Pawn World and forced the clerk into the backroom at gunpoint. The clerk was pushed to the floor, gagged with a towel, and bound hand, foot, and mouth with duct tape. She was also tied to a large object with an electrical cord. The men then stole approximately $100,000 in firearms, jewelry, and cash from the pawn shop.

The clerk managed to free herself quickly and call police with a description of the robbers. A local officer was able to locate their getaway car and attempt to pull it over. The car wrecked after a high speed chase. Petitioner's codefendants, Fernando Cardenas-Rosas and Abner Mariche-Guillen, were arrested at the scene. Mariche-Guillen had the gun used in the robbery in his pants pocket. All of the stolen merchandise was recovered from the wrecked car. Mariche-Guillen waived his rights after arrest and allowed himself to be interviewed. He identified Petitioner as the third robber and stated that they had let him out of the car just prior to the police chase. The pawn shop clerk also identified Petitioner from a photographic lineup. She stated that she had seen the robbers in the store before.

## DISCUSSION

Petitioner raises six claims for relief, all of them based on allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

### Claim One

Petitioner's first claim is that his attorney failed to interview his codefendants. Petitioner states that these men would have told counsel that he did not participate in the robbery of the pawnshop. It appears correct that counsel did not interview the men. However, any attempt to do so would likely have been futile.

As Petitioner's codefendants in the robbery, they were represented by their own attorneys, who would have had no apparent reason to allow any interview by Petitioner's counsel. Further, at least one of the men, Abner Mariche-Guillen, had implicated Petitioner in the robbery and was prepared to testify against him at trial. Interviewing Guillen would not have been productive. Finally, Petitioner has produced absolutely nothing to substantiate his bare statement that either man would have stated that he was not part of the robbery. His claim is too conclusory to proceed. For all of these reasons, it should be denied.

### Claim Two

Petitioner's second claim for relief criticizes counsel for failing to secure a new police lineup and failing to object to the potential use at trial of the prior photographic lineup in which the clerk from the pawn shop had identified Petitioner as one of the robbers. Both versions of Petitioner's claim easily fail. Petitioner's assertion that a new lineup would have produced a different result from the first lineup is purely speculative. This is particularly true given that his basis for his argument that the first lineup was impermissibly suggestive is that the clerk had seen him in the pawn shop before. If this affected the first lineup, it would affect the later lineup as well. It is also not correct that the clerk's prior opportunity to see Petitioner in the pawn shop would render the first lineup impermissibly suggestive. That is simply an independent event having nothing to do with the quality of the lineup or the procedures used to conduct it. While

-4-

it is true that Petitioner would seem familiar to the clerk, it is also true that her prior opportunities to see him would have given her greater knowledge of his appearance so that the likelihood of misidentification would be reduced. Petitioner's attorney did not err in failing to recreate or challenge the photographic lineup and Petitioner was not prejudiced. His second claim for relief should be denied.

### Claim Three

Petitioner's third claim is that he was coerced into pleading guilty when his attorney told him that, if he accepted the plea agreement, his charges would be dropped and he would be allowed to return to Mexico. This allegation is so fantastic as to be frivolous on its face. The plea agreement itself, which Petitioner signed, contains no language concerning dropping all charges or allowing Petitioner to return to Mexico. Further, he was advised during his plea that he faced a sentence of not more than 20 years on Counts One and Six and a consecutive sentence of at least 7 years of imprisonment on Count Two. He stated that he understood that he faced these penalties. (Docket No. 102 at 6-7.) He was also informed that his advisory sentence would be calculated under the United States Sentencing Guidelines and stated that he understood. (Id. at 8-9.) At no point did Petitioner ever mention any promise or understanding that all of his charges would be dropped and that he would be released to Mexico.

Later, at sentencing, Petitioner heard the sentencing ranges that were to be applied and declined to speak. (Docket No. 97 at

-5-

5.) He also heard the sentence pronounced and said nothing at that time. (Id. at 5-7.) Even on appeal, he did not mention it in his pro se supplemental brief. (Docket No. 103.) In fact, so far as the record indicates, Petitioner said nothing at all to anyone about the alleged promise of release until he filed his § 2255 motion. In light of all of these circumstances, his claim is "palpably incredible" and "patently frivolous or false." Such statements do not entitle a petitioner to an evidentiary hearing. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner's third claim for relief should be denied.

### Claim Four

Petitioner's fourth claim is that his attorney improperly failed to challenge the brandishing charge even though there was no evidence that he participated in the robbery or was at the scene. This claim too fails on the record before the Court. As already stated, there was ample evidence, in the form of statements by Petitioner's codefendant and the identification of Petitioner by the pawn shop clerk, that Petitioner was at the scene and participated in the robbery. The robbery included the brandishing of a pistol. Accordingly, Petitioner's attorney did not err in not challenging the brandishing charge. Petitioner was also not prejudiced by the failure to challenge the charge. Any such challenge would have quickly failed due to its lack of merit. The fourth claim for relief should be denied.

## Claim Five

Petitioner next faults his attorney for not obtaining the videotapes from the pawn shop. Petitioner claims that these tapes would have shown that he was not one of the robbers. Petitioner's attorney actually did discuss potential tapes with the government. However, he was informed that no such tapes existed because the pawn shop did not have cameras. Tapes from another business nearby did exist, but were not of sufficient quality to allow anyone to be identified. (Docket No. 124, Ex. B.) Petitioner has not shown that this was untrue and that tapes from the pawn shop even existed. His attorney could not err or prejudice Petitioner by failing to procure nonexistant tapes. This claim should be dismissed for that reason.

## Claim Six

Petitioner's sixth, and final, claim for relief is that his attorney failed to request a hearing to resolve conflicts between the statements of Mr. Rodriguez-Fernandez and Mr. Montano-Paz, who said he was not part of the robbery, and the statements of his codefendants Fernando Cardenas and Abner M. Guillen who stated that he was part of the robbery. As Respondent points out, this claim is nonsensical. The PSR reveals that Rodriguez-Fernandez is an alias of Petitioner's codefendant Fernando Cardenas-Rosas, while Montano-Paz is an alias for his codefedant Abner Mariche-Guillen. (PSR ¶ 2.) Thus, the persons whose statements Petitioner claims his attorney should have compared are actually the same persons. More importantly, the only statements reflected in the record were

-7-

those by Montano-Paz/Mariche Guillen stating that Petitioner was involved in the robbery. (PSR ¶ 9.) Petitioner has not shown that any other statements exist. This claim should be denied as well.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 108) be **DENIED** and that Judgment be entered dismissing this action.

                                             /s/ Donald P. Dietrich
                                              **Donald P. Dietrich**
                                      **United States Magistrate Judge**

October 23, 2009